IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| KIMBERLY FAY LEMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:12-cv-1119 |
| | ) | |
| METAL SALES MANUFACTURING CORPORATION, | ) | Judge: Trauger |
| | ) | |
| | ) | Magistrate Judge: Knowles |
| Defendants. | ) | |

## ~~PROPOSED~~ INTIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d), the following Initial Case Management Plan is adopted.

    A.    <u>JURISDICTION:</u>  This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, 1441, and 1446.

    B.    <u>BRIEF THEORIES OF THE PARTIES:</u>

    1.    <u>Plaintiff's Theory of the Case:</u>

The Plaintiff was hired by the Defendant on or about September 26, 1994. Plaintiff had surgeries which resulted in limitations to both her neck and back from 2010 to 2011. The Plaintiff requested reasonable accommodations from Defendant upon each return to work from medical leave. The Defendant provided reasonable accommodations until Gary Hickard was removed as general manager.

On or about October 11, 2011, Plaintiff requested reasonable accommodations in conjunction with performing her cycle counts and was denied. On or about November 15, 2011, Plaintiff was out of work for two days for a disability related procedure. Upon her return to work on November 18, 2011, Plaintiff was discharged for failure to complete a

task/job duty in a timely manner with a provided reasonable accommodation on November 16, 2011. Plaintiff was not at work on November 16, 2011 and Defendant did not provide reasonable accommodations at that time.

In the months proceeding and up to and including her termination, Plaintiff was subjected to discriminatory treatment because of her disabilities and age. Younger, healthy workers received preferential treatment and Plaintiff was replaced by a younger worker, who was in her twenties. Plaintiff expressed her concerns about the Defendant's sudden change in their ability to accommodate her limitations, and shortly thereafter she was terminated.

The Defendant's termination of the Plaintiff constituted of state and federal statutes prohibiting age discrimination, disability discrimination and retaliation. Plaintiff seeks all available damages in conjunction with this discrimination and wrongful termination.

Additionally, Plaintiff's status was arbitrarily changed to salary and she was not paid the statutory rate overtime of time and one-half for all hours worked over forty in a week despite having no hiring and/or firing authority or management responsibilities for other staff members. Therefore, Plaintiff has alleged that the Defendant violated the Fair Labor Standards Act and requests damages under this statute as well.

2. **Defendant's Theory of the Case:**

Plaintiff's employment was not terminated on account of her age, alleged disability, nor was Plaintiff retaliated in any way. Plaintiff was terminated based upon, legitimate, nondiscriminatory/nonretaliatory reasons, including, but not limited to, her continued poor work performance and violations of company policy. Plaintiff was

having significant performance issues when in June, 2011, she was given a warning by Defendant and told, in writing, that "any further violations of company policy will lead to disciplinary action up to and including termination." In October, 2011, Plaintiff received another warning from Defendant related to Plaintiff's failure to follow company policy and Plaintiff was advised that any further violations of company policy could result in her termination.

While Plaintiff was absent from work on November 15 and 16, 2011, Defendant discovered numerous errors made by Plaintiff, one such error resulting in the backorder of 11 items and lost business to the Defendant. Thereafter, Plaintiff's employment was terminated.

Defendant provided reasonable accommodations to Plaintiff. Furthermore, Defendant did not violate the Fair Labor Standards Act ("FLSA"). Plaintiff was not entitled to overtime pay at one and one-half her normal rate based upon the exemptions, exclusions, exceptions, or credits provided for in the FLSA, including, but not limited to, the "fluctuating work week" method of overtime calculation and payment.

Defendant further relies upon the affirmative defenses raised in its Answer and additionally asserts that Plaintiff cannot establish a prima facie case of age and disability discrimination, retaliation, and her claim to overtime pay under the FLSA.

    C.    **ISSUES RESOLVED:** Jurisdiction and venue are not disputed.

    D.    **ISSUES STILL IN DISPUTE:** Liability and damages are disputed.

    E.    **INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within fourteen days of the Initial Case Management Conference, which is set for Monday, January 7, 2013.

**F.     DISCOVERY:** The parties shall complete all written discovery and depose all fact witnesses on or before **Wednesday, August 7, 2013**. Discovery is not stayed during dispositive motions, unless ordered by the Court. Local Rule 33.01(b) is expanded to allow forty (40) interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a telephone conference with Judge Trauger.

**G.     MOTIONS TO AMEND:**   The parties shall file all Motions to Amend the pleadings on or before **Thursday, March 21, 2013**.

**H.     DISCLOSURE OF EXPERTS:** The Plaintiff shall disclose to the Defendant the identity of any expert witnesses and expert reports on or before **Wednesday, May 1, 2013**. The Defendant shall disclose to the Plaintiff the identity of any expert witnesses and expert reports on or before **Friday, June 7, 2013**. Any supplements should be done by **Friday, June 28, 2013**.

**I.     DEPOSITIONS OF EXPERT WITNESSES:** The parties shall depose all expert witnesses on or before **Wednesday, August 7, 2013**.

**J.     JOINT MEDIATION REPORT:** The Parties shall file a joint mediation report on or before **Friday, June 28, 2013.**

**K.     DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions on or before **Friday, October 18, 2013**. Any response to dispositive motions shall be filed within twenty (20) days. Optional replies shall be filed with ten (10) days after the filed response before the deadline set forth in this paragraph, the deadlines for responses and replies shall be moved up accordingly. No memorandum in support of or in

opposition to any motion shall exceed twenty-five (25) pages absent leave from the Court. No motion for partial summary judgment shall be filed expect upon leave of court. Any party wishing to file such motion shall first file a spate motion that gives the justification for filing partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the court.

      L.     **ELECTRONIC DISCOVERY:** The default standard contained in Administrative Order No. 174 does not apply to this case.

      M.     **ESTIMATED TRIAL TIME:** The parties expect the trial in this matter to last approximately four (4) to five (5) days.

**IT IS SO ORDERED.**

**ENTERED:** this ___8th___ day of __January__, 2013.

_____
**HONORABLE ALETA A. TRAUGER**
**UNITED STATES DISTRICT JUDGE**

Approved for Entry:

s/Nina Parsley_____
Nina Parsley, BPR #23818
Michael D. Ponce & Associates
Attorneys for Plaintiff
1000 Jackson Road, Suite 225
Goodlettsville, TN 37072
Telephone: (615) 851-1776
Facsimile: (615) 859-7033
 nina@poncelaw.com


s/Michael D. Hornback with permission by Nina Parsley
Michael D. Hornback, BPR #22128
Wyatt, Tarrant & Combs, LLP
Attorney for Defendant
2525 West End Avenue, Suite 1500
Nashville, TN 37203
Telephone: (615) 244-0020
Facsimile: (615) 256-1726
mhornback@wyattfirm.com


### CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2012, the foregoing was filed electronically. Notice of this filing will be sent to the following if registered, by operation of the Court's electronic filing system.

Michael D. Hornback, BPR #22128
Wyatt, Tarrant & Combs, LLP
Attorney for Defendant
2525 West End Avenue, Suite 1500
Nashville, TN 37203
mhornback@wyattfirm.com


                                                            s/Nina Parsley_____

60302253.1